UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CYNTHIA OCASIO,**

        **Plaintiff,**

**v.**                                                          **Case No:   6:14-cv-1635-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

Cynthia Ocasio (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for disability insurance benefits and supplemental security income. Doc. No. 1. Claimant argues the Administrative Law Judge (the "ALJ") erred by: 1) not assigning any weight to her treating physician's opinion; and 2) assigning great weight to the opinions of non-examining state agency physicians. Doc. No. 18 at 9-12. Claimant argues the matter should be reversed for an award of benefits or, in the alternative, remanded for further proceedings. *Id*. at 21-22. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.**    **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67

F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II. <u>ANALYSIS</u>.

Claimant challenges the ALJ's failure to state with particularity the weight given to Dr. Jermania Estevez's April 10, 2013 RFC assessment. Doc. No. 18 at 9-12. Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "'In the absence of such a statement, it is impossible

for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'"  *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight.  *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (per curiam) (quoting *Phillips*, 357 F.3d at 1240-41).  Thus, good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records.  *Id*.

The record reveals Dr. Estevez qualifies as a treating physician.  R. 386-93, 421-32.  On April 10, 2013, Dr. Estevez completed a "Medical Opinion RE: Ability to do Work-Related Activities (Physical)" (the "Assessment").  R. 404-05.[1]  In the Assessment, Dr. Estevez opined Claimant can: frequently lift and/or carry less than ten (10) pounds; sit for five (5) minutes without interruption; sit for a total of less than two (2) hours in an eight (8) hour workday; stand/walk for five (5) minutes without interruption; stand/walk for a total of less than two (2) hours in an eight (8) hour workday; and must be able to shift from sitting to standing/walking at will.  R. 404.  Dr. Estevez also opined Claimant can never twist, stoop, crouch, or climb stairs and ladders.  R. 405. Dr. Estevez opined Claimant's ability to reach, finger, handle, feel, and push/pull is impaired, but does not explain the extent of Claimant's impairment.  *Id*.  Dr. Estevez further opined Claimant

---

[1] This was the only opinion from a treating source.  The record also contains opinions from a one-time examining physician (R. 373-76) and two (2) state agency medical consultants (R. 93-94, 377-84).

must completely avoid extreme heat and cold, and high humidity, and must avoid moderate exposure to perfumes.  *Id*.  Finally, Dr. Estevez opined Claimant must use a cane and/or walker to maintain her balance, and must elevate her legs.  *Id*.[2]

At step two of the sequential evaluation process, the ALJ found Claimant suffered from the following severe impairments: degenerative disc disease of the spine; and obesity.  R. 22.  At step four of the sequential evaluation process, the ALJ determined that Claimant has a RFC to perform "sedentary work" with the following additional limitations:

> [Claimant] must use a cane for ambulation; she can sit six hours out of eight, but for only one hour at a time before needing to alternate to a standing position for 5 minutes while on task[ ]; she can only occasional[ly] stoop, crouch, kneel and climb stairs with a rail; she cannot balanc[e], crawl, climb ladders, ropes or scaffolds or work at unprotected heights or with dangerous moving machinery.

R. 23.[3]  In reaching this RFC, the ALJ discussed Dr. Estevez's Assessment, stating the following:

> Dr. Estevez completed a medical source statement in April 2013, in which [s]he opined the claimant has the ability to lift less than ten pounds, stand and/or walk less than two hours, and sit less than two hours in an eight-hour day, with no twisting, stooping, bending, crouching, or climbing stairs or ladders, or work with exposure to extreme temperatures, high humidity and perfumes (Ex. 10F and 11F).  Dr. Estevez also noted reaching, fingering, pushing, pulling, handling . . . are affected by her herniated disc.

R. 26.  The ALJ did not assign any weight to the Assessment, but simply made generalize findings that the above limitations are inconsistent with: 1) the fairly benign findings in Dr. Estevez's treatment records; 2) Dr. Carol Grant's consultative examination of Claimant; 3) the absence of

---

[2] Dr. Estevez does not specify how often or long Claimant must elevate her legs.  *See* R. 405.

[3] Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. §§ 404.1567(a); 416.967(a).

ongoing significant neck or upper extremity complaints in the treatment record; and 4) Claimant's activities of daily living.  *Id*.[4]

As Claimant argues and the Commissioner concedes, the ALJ failed to state with particularity the weight given to Dr. Estevez's Assessment, and thus erred.  R. 26; *Winschel*, 631 F.3d at 1179.  As one would expect, this has caused the parties to speculate as to the weight assigned to the Assessment.  Claimant posits the ALJ, despite her finding that the Assessment is inconsistent with other evidence of record, seemingly gave the Assessment some weight since restrictions that appear in the Assessment and in no other medical opinions were included in the ALJ's RFC determination.  Doc. No. 18 at 10-11.  However, the Commissioner posits, with a seemingly higher degree of certainty, that the ALJ rejected the Assessment outright.  *Id*. at 15.  The difference in opinion highlights the importance of stating with particularity the weight given to a medical opinion.  As Claimant notes, the ALJ's RFC determination contains several restrictions only found in the Assessment, thus suggesting the ALJ gave some weight to the Assessment.  *Compare* R. 23 *with* R. 404-05.  Whatever the case may be, the Court is left in the position of trying to determine what, if any, weight was assigned to the Assessment, and if the weight given to the Assessment is supported by substantial evidence.  However, the Court is not permitted to weigh or reweigh the evidence, and thus is impeded from conducting a meaningful review of the ALJ's decision.  *Phillips*, 357 F.3d at 1240 n.8.  Accordingly, the Court finds the ALJ committed reversible error by not stating with particularity the weight given to Dr. Estevez's Assessment.

The Commissioner argues the ALJ's failure to state the weight given to Dr. Estevez's Assessment is, in essence, harmless error, since the ALJ clearly considered the Assessment and

---

[4] The ALJ does provides a few examples in support of these generalized findings.  R. 26.

provided good cause reasons to reject same. Doc. No. 18 at 13-16 (citing *Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555 (11th Cir. 2015) (per curiam); *Hanback v. Comm'r, Soc. Sec. Admin.*, 581 F. App'x 840 (11th Cir. 2014) (per curiam); *Perkins v. Comm'r, Soc. Sec. Admin.*, 553 F. App'x 870 (11th Cir. 2014) (per curiam); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155 (11th Cir. 2004) (per curiam)). Failure to state the weight given to opinion evidence from a medical source will, in very limited circumstances, result in harmless error. *See, e.g.*, *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam) ("An ALJ's failure to state with particularity the weight given different medical opinions is reversible error. When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.") (citation omitted); *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) ("Although the ALJ did not explicitly state what weight he afforded the opinions of [several physicians], none of their opinions directly contradicted the ALJ's findings, and, therefore, any error regarding their opinions is harmless."). Under the circumstances of this case, the Court finds that neither of the situations discussed in *Caldwell* or *Wright* exist here. Further, the cases the Commissioner relies on are largely inapposite, and do not support a finding of harmless error in this case. *Hunter*, 609 F. App'x at 556, 558 (finding failure to state the weight given to two medical opinions was harmless error because it did not affect the ALJ's ultimate determination); *Hanback*, 581 F. App'x at 841 (failure to state weight given to medical opinion was, at most, harmless because the ALJ's RFC determination was "entirely consistent" with the medical opinion); *Perkins*, 553 F. App'x 874-75 (the ALJ committed no reversible error where three of the opinions were less restrictive than the ALJ's RFC determination and the "ALJ gave adequate reasons for weighing" other medical opinions differently); *Crawford*, 363 F.3d at 1160 (finding claimant's argument that ALJ

ignored psychologist's opinions unavailing because ALJ considered it, found the psychologist's opinion was not entitled to controlling weight and adopted limitations consistent with a treating psychiatrist's opinion). For these reasons, the Court finds the ALJ committed reversible error which is not harmless. Accordingly, the ALJ's decision must be reversed so she may state with particularity the weight given Dr. Estevez's Assessment.[5]

Since reversal is necessary, the Court must address Claimant's bald request that the case be remanded for an award of benefits. Doc. No. 18 at 21-22. Reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *See Walden*, 672 F.2d at 840. Here, reversal is based on the ALJ's failure to assign weight to Dr. Estevez's Assessment. Neither the reason necessitating reversal nor the record establish that Claimant is disabled beyond a doubt or that Claimant has suffered an injustice. Accordingly, Claimant's request to remand for an award of benefits is not well-taken, and the matter shall be remanded for further proceedings.

### III.  CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

---

[5] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, — F. App'x —, 2015 WL 5166045, at *3 (11th Cir. Sept. 4, 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors). Although not argued, the Court notes the ALJ discussed but did not assign any weight to Dr. Grant's, a one-time examining physician, examination report. *See* R. 20-27. On remand, the ALJ should assign weight to Dr. Grant's opinion and articulate the reasons therefor.

**DONE** and **ORDERED** in Orlando, Florida on February 5, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Mary C. Montanus
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801